IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SAMMIE COLEMAN,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-508-SS |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| Respondent. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **SAMMIE COLEMAN,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-509-SS |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| Respondent. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **SAMMIE COLEMAN,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-510-SS |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Applications for Habeas Corpus Relief under 28 U.S.C. § 2254. Petitioner, proceeding pro se, has paid the appropriate filing fees. For the reasons set forth below, the undersigned finds that Petitioner's applications for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.     Petitioner's Criminal History**

A jury convicted Petitioner of one count of aggravated assault, one count of deadly conduct, and three counts of felon in possession of a firearm. See TEX. PEN. CODE ANN. § 22.02 (aggravated assault) (West Supp. 2005), § 22.05 (deadly conduct) (West 2003), § 46.04 (firearm) (West Supp. 2005). The jury also found that Petitioner employed a deadly weapon in the commission of each offense. See TEX. CODE CRIM. PROC. art. 42.12 § 3g(a)(2) (West Supp. 2005). The court sentenced Petitioner as a habitual felon to serve the following concurrent sentences: forty-five years for the aggravated assault, thirty-five years for the deadly conduct, thirty years for the first count of felon in possession of a firearm, and twenty-five years each for the second and third possession counts. Coleman v. State, Nos. 03-04-00469-CR, 03-04-00470-CR, 03-04-00471-CR, 2006 WL 2080656 (Tex. App. – Austin July 28, 2006, pet. ref'd) (citing TEX. PEN. CODE ANN. § 12.42 (West Supp. 2005)). Petitioner's convictions were affirmed, and the Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review on January 24, 2007. Id.

Petitioner also challenged his convictions in three state applications for habeas corpus relief. Petitioner did not specify the date on which his applications were filed. Court personnel for the Travis County District Clerk indicate the applications were filed on March 18, 2009. The Texas Court of Criminal Appeals denied the applications on June 17, 2009. Ex parte Coleman, Appl. Nos. 72,014-01, -02, -03.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Trial counsel was ineffective by failing to object to the verdict form because "guilty" was listed before "not guilty;"

2. Trial counsel was ineffective by failing to object to the misjoinder of different offenses and allowed them to be tried together;

3. Trial counsel was ineffective for calling Petitioner to testify and eliciting testimony about his prior felony convictions;

4. Trial counsel was ineffective for having Petitioner change from having the jury sentence him to having the trial court sentence him;

5. Trial counsel was ineffective by failing to object to the prosecutor's closing argument;

6. Trial counsel was ineffective by failing to report and investigate juror misconduct and tampering with the jury;

7. His right to a fair trial was violated when the prosecutor entered the jury room and told the deadlocked jury that if they convicted the petitioner they could give him a light sentence; and

8. Petitioner is "procedurally innocent," and should be allowed equitable tolling.

## II.  DISCUSSION AND ANALYSIS

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  **Application**

Petitioner's convictions became final, at the latest, on April 24, 2007, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Therefore, Petitioner had until April 24, 2008, to timely file his federal applications for habeas corpus relief.  Petitioner did not file his federal applications until July 2, 2010, after the limitations period had expired.  Petitioner's state applications did not operate to toll the limitations period, because they were filed on March 18, 2009, also after the limitations period had expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues that he is entitled to equitable tolling, because the investigator he hired discovered that the prosecutor entered the jury room and told the jury if they would just convict they could sentence Petitioner to a light sentence.  As such, Petitioner contends he is "procedurally innocent."[1]

The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period.  Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).  The Fifth Circuit has previously held that such claims do not.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent."); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

---

[1] The investigative report is inconsistent with this claim, as it only discusses a conversation between the defense attorney and one juror after the verdict, and makes no mention of the prosecutor entering the jury room.

Moreover, Petitioner fails to explain why he waited more than a year after the Texas Court of Criminal Appeals denied his state applications before he filed his federal applications.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier or that he exercised due diligence in discovering his claims. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's applications for writ of habeas corpus be dismissed as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petitions on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue certificates of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE